\



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,764-01

### EX PARTE DEMETRIUS BEASON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W16-52471-M(A) IN THE 194TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of burglary of a habitation and sentenced to 10 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his right to due process was violated when he was denied consideration for shock probation through no fault of his own. Specifically, Applicant states that his hearing on the 178th day from the date of the execution of his sentence was postponed, and he was not returned to the trial court until the 181st day, when the trial court no longer had jurisdiction. TEX. CODE CRIM. PROC. Art. 42A.202. The State agrees that Applicant is entitled to relief.

Applicant has alleged facts that, if true, might entitle him to relief. However, the trial court has not entered findings and conclusions. TEX. CODE CRIM. PROC. Art. 11.07, § 3(c), (d). Additionally, the parties refer to a docket sheet that is not part of the record before this Court. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine whether Applicant is still represented by counsel. If Applicant is not represented by counsel, is indigent, and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is eligible for shock probation, and whether his right to due process was violated when he was denied consideration for shock probation. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 19, 2022
Do not publish